# WRIGHT,
*Appellant,*

*v.*

# BURKS,
*Respondent.*

## (No. 76-1679, CA 16129)

615 P2d 1142

Robert J. Wright, Noti, filed the briefs pro se for appellant.

William G. Wheatley and Jaqua & Wheatley, P.C., Eugene, filed the brief for respondent.

Before Schwab, Chief Judge, and Richardson and Buttler, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Plaintiff appeals a judgment on the pleadings granted in favor of defendant. He contends that his reply to defendant's answer denied the affirmative matter pleaded in the answer and defendant was not entitled to a judgment on the pleadings, former ORS 16.130.

This case involves a morass of pleadings and the briefs of the parties have afforded little assistance in comprehending the procedural posture of this case. From a review of the trial court file and the limited transcript, we determine that the following occurred.

Plaintiff filed an action naming a number of defendants for false arrest and violation of the Federal Civil Rights Act, 42 USC § 1983. There followed a flurry of motions, demurrers and amended pleadings. In the course of the proceedings, the complaint was dismissed as to all defendants except Burks. Plaintiff ultimately filed a fifth amended complaint.

Defendant answered the fifth amended complaint by a general denial and alleged, as affirmative defenses, that he acted in good faith and under a belief that there was probable cause to arrest defendant, that he made a full disclosure of all relevant facts to the district attorney and that he acted on the advice of the district attorney in making the arrest. Plaintiff, by way of reply, generally denied all the affirmative matter pleaded in the answer.

Approximately one year later, after many more motions, demurrers and other pleadings, defendant moved for leave to file a first amended answer. The tendered amended answer pleaded the same affirmative defenses but admitted certain allegations of the complaint that had been denied in the original answer. Defendant also filed a motion in limine.

During the hearing on the motion for leave to file an amended answer and the motion in limine, the following colloquy took place:

[1063]

"THE COURT: Just a minute, then. The two answers that have been tendered, then, in each of the cases,[1] those will be filed and I assume your response—your responses will remain to those answers since your responses were general denials; is that agreeable with you?

"MR. WRIGHT [Plaintiff pro per]: Right.

"THE COURT: Is that agreeable with you?

"MR. WHEATLEY: [Attorney for Defendant]: That's agreeable, your Honor.

"THE COURT: These tendered answers will be filed then."

It was clear, at that point, that both parties agreed and the court accepted the agreement that plaintiff's reply to the original answer would stand as a reply to the first amended answer. Consequently, the affirmative matter pleaded in the first amended answer was denied by plaintiff.

Approximately four months later defendant moved for leave to file a "supplemental answer." The tendered "supplemental answer" alleged that plaintiff was collaterally estopped from denying that there was probable cause to arrest him because a court in another case involving these parties and the issue of the arrest had ruled that the arrest was proper. The motion, together with the tendered supplemental answer, was served on plaintiff. He filed a reply which, although making a number of allegations, did not deny the affirmative allegations of the tendered supplemental answer.

Defendant then moved for judgment on the pleadings. The motion was based on the matter alleged in the supplemental answer. Defendant argued that by failing to deny that probable cause existed as found in the other cause of action, plaintiff was deemed to have admitted that it did, and probable cause to file a criminal complaint and arrest plaintiff was a complete defense.

---

[1] Plaintiff had filed another action against defendant. That case is not involved in this appeal.

During the hearing on the motion for judgment on the pleadings, defendant noted that his motion for leave to file the supplemental answer had not been ruled upon. The court denied the motion, thus the supplemental answer was not filed.

The trial court, apparently treating the reply plaintiff filed in response to the unfiled supplemental answer as a reply to the first amended answer, granted a judgment on defendant's first affirmative answer. The basis of the ruling was that the reply did not deny the affirmative allegations of the first affirmative answer. The court held that the undenied allegations that the defendant acted with good faith and had probable cause to sign the criminal complaint and arrest plaintiff was a defense to plaintiff's causes of action.

The trial judge who ruled on the motion for judgment on the pleadings was not the same judge who ruled that plaintiff's general denial to the original answer could stand as a general denial of the first affirmative answer. There was no notation or document in the file reflecting that latter ruling. It is understandable that the second trial judge was unaware of the procedural posture of the case. Neither party called the earlier ruling to the court's attention. This is also understandable in light of the number and variety of documents filed in this action and the attendant arguments on the various motions. The fact remains that plaintiff had denied the affirmative matter pleaded in the first affirmative defense and a judgment on the pleadings was not properly granted.

Reversed and remanded.